NOT DESIGNATED FOR PUBLICATION

Nos. 118,344
118,345

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LISA MARIE DOUGLAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; LORI A. FLEMING, judge. Opinion filed April 27, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Lisa Marie Douglas appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentences in two separate cases. We granted Douglas' motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed a response and requested that the district court's judgment be affirmed.

In 14CR18, Douglas pled no contest to one count of criminal threat. On November 3, 2014, the district court sentenced Douglas to 12 months' imprisonment and granted probation for 12 months. In 14CR172, Douglas pled no contest to one count of trafficking contraband in a correctional facility. On November 3, 2014, the district court sentenced

1

Douglas to 39 months' imprisonment but granted a dispositional departure to probation for 24 months to be supervised by community corrections. The district court ordered the sentences in the two cases to run consecutive.

At a hearing on August 17, 2017, the district court found that Douglas violated the conditions of her probation on numerous grounds, including failing to report to her intensive supervision officer as directed and failing to refrain from the use of drugs and alcohol. Citing the fact that Douglas had three prior probation violations as well as a 120-day sanction in 14CR172, and a 3-day sanction in 14CR18, the district court found that Douglas' welfare would not be served by further probation and ordered the sentences to be served. Douglas timely appealed and the cases have been consolidated on appeal.

On appeal, Douglas claims the district court "erred in revoking [her] probation when further sanctions and drug treatment remained available options." Douglas acknowledges that the district court may forego intermediate sanctions by making a public safety or offender welfare finding. See K.S.A. 2017 Supp. 22-3716(c)(9).

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

2

Here, the district court revoked Douglas' probation after finding that the safety of members of the public would be jeopardized or that the welfare of the offender would not be served by imposing additional intermediate sanctions. See K.S.A. 2017 Supp. 22-3716(c)(9). Douglas does not challenge the sufficiency of this finding on appeal. The record reflects that Douglas had violated her probation on at least three prior occasions. The district court's decision to revoke Douglas' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Douglas has failed to show that the district court abused its discretion by revoking her probation and ordering her to serve her underlying prison sentences.

Affirmed.